239 P.3d 756

**In re the Matter of Dwight E. KEEFER, Petitioner/Appellant,**

v.

**Diana K. KEEFER, Respondent/Appellee.**

**No. 1 CA–CV 09–0716.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 28, 2010.

---

The Cavanagh Law Firm, P.A. by Keith A. Berkshire, Phoenix, Attorney for Petitioner/Appellant.

Tiffany & Bosco, P.A. by Leonard J. Mark, Dorian L. Eden, May Lu, Phoenix, Attorneys for Respondent/Appellee.

## OPINION

SWANN, Judge.

¶ 1 In this child support case, Dwight E. Keefer ("Father") appeals from a signed order holding that excess Social Security Disability Insurance ("SSDI") payments, received by the parties' child as a consequence of Father's disability, may not be applied to reduce Father's obligation to reimburse Diana K. Keefer ("Mother") for medical expenses not covered by insurance. We hold that when the amount of SSDI payments exceeds the amount of the monthly child support obligation, the excess may be used to satisfy a parent's proportional share of the current unreimbursed medical expenses, when that parent is the source of the benefit.

### FACTS AND PROCEDURAL HISTORY

¶ 2 Father and Mother had one child in common, C.; they divorced in 2000. Father suffered a brain injury in a 1993 car accident, which was exacerbated by a second car accident in 1996. Father has received SSDI payments since 1996, and post-divorce, Mother receives such payments on behalf of C.

¶ 3 The original consent decree awarded Mother and Father joint custody of C. On July 31, 2007, Mother filed a petition to modify custody, parenting time and child support. On December 14, 2007, after a three-day trial, Mother was awarded sole legal custody of C. and equal parenting time. The family court ordered Father to pay child support in the amount of $88.29 per month, effective December 1, 2007. In addition the court stated:

> IT IS FURTHER ORDERED that Father shall provide medical insurance for the benefit of the parties' minor child, and shall provide an insurance card and claim filing information/forms to the other parent. All medical, dental and orthodontia expenses incurred for the health and protection of the child not covered by insurance shall be paid 70% by Father and 30% by Mother.

¶ 4 On March 10, 2009, the court conducted an evidentiary hearing on Father's petition to modify parenting time and custody, and on his request for modification of child support. At that hearing, the court revisited the medical insurance allocation issue and found that (1) Father's monthly child support obligation was $575.04, and was satisfied by the SSDI payment to Mother, and (2) neither party has employer-sponsored health care coverage for C. The court then held that Mother "can, and should" use the remaining portion of the SSDI benefit payments to pay for C.'s health insurance effective June 1, 2009.

¶ 5 On May 18, 2009, Mother filed a Petition for Order to Show Cause Re Contempt Re Medical Expense Reimbursement, contending that from December 28, 2007, through April 9, 2009, she had incurred $8,069.77 in uncovered medical expenses for C., and requesting reimbursement of $6,064.62. Father did not dispute that Mother had incurred these expenses or that she had paid them. But he contended that Mother should have applied C.'s remaining SSDI benefits to his portion of the unreimbursed medical expenses.

¶ 6 On July 24, 2009, the family court conducted an evidentiary hearing on Mother's claim. After applying the SSDI amount to Father's $575.04 child support obligation, the court determined that a $415.96 monthly surplus remained. In an August 3, 2009 minute entry, the family court held that SSDI benefits could not be used to satisfy Father's other obligations apart from the monthly child support obligation. Thereafter, the court ordered Father to pay Mother $5,540.06 in unreimbursed medical expenses, which represented the $6,064.62 Mother claimed less additional expenses.

¶ 7 Later in August 2009, Father filed two motions to alter or amend the judgment, arguing that the unreimbursed medical expenses were paid from C.'s SSDI account and not Mother's personal account, and therefore the SSDI benefit amount that exceeded the child support amount should be attributed as income to Mother. Mother responded that the benefit could not be attributed as income to her, and pursuant to the Arizona Child Support Guidelines ("Guidelines"), Father could not use the excess benefit to satisfy his obligation to pay 70 percent of unreimbursed medical expenses. The

family court denied Father's motions in unsigned minute entries filed on September 11, 2009, and September 18, 2009.

¶ 8 Father filed a notice of appeal on October 13, 2009, from the August 3, 2009 minute entry and the unsigned minute entries denying his motions to amend. He then filed an amended notice of appeal on November 9, 2009, after obtaining a signed order denying the motion to amend. We have jurisdiction pursuant to A.R.S. § 12–2101(C).

## DISCUSSION

¶ 9 The sole issue in this appeal is whether the Guidelines permit excess SSDI payments to be applied to unreimbursed medical expenses.[1] To answer this question, we must determine whether such medical expenses constitute a "child support obligation" as that term is used in § 26(B)(1) of the Guidelines.

### I. UNREIMBURSED MEDICAL EXPENSES ARE A CHILD SUPPORT OBLIGATION.

■ ¶ 10 Mother argues that the child's excess SSDI payments may not be used to pay Father's portion of C.'s unreimbursed medical expenses because such expenses do not constitute a "child support obligation." We disagree.

¶ 11 Pursuant to A.R.S. § 25–500(9), the term "support" is defined as "the provision of maintenance or subsistence" that includes "uncovered medical costs for the child.... [S]upport includes spousal maintenance that is included in the same order that directs child support." The language of A.R.S. § 25–500(9) unambiguously includes unreimbursed medical expenses as part of "support," which a parent is obligated to provide for his or her child as directed by the court. Section 9 of the Guidelines confirms this. It provides, in part, that to determine the "total child support obligation," a court must allocate the percentages that each parent must pay for medical costs of the children that are not covered by insurance. Guideline 9(A). Moreover, in the same section, the Guidelines

provide that "The parent responsible for payment or reimbursement must pay his or her share, as ordered by the court, or make acceptable payment arrangements with the provider or person entitled to reimbursement within 45 days after receipt of the request." *Id.* These provisions leave no doubt that the statute and the Guidelines treat unreimbursed medical expenses as a component of "total child support" and treat those expenses as binding obligations of parents subject to child support orders. Accordingly, we turn our examination to whether excess SSDI payments may be applied to such expenses.

### II. EXCESS SSDI PAYMENTS MAY BE APPLIED TO CURRENT UNREIMBURSED MEDICAL EXPENSES.

■ ¶ 12 Generally, income earned or received by a child may not be used to satisfy a parent's court-ordered child support obligation. Guideline 26(A). But a child's monthly dependent insurance benefit, which a child may receive when a parent qualifies for federal SSDI benefits, is not treated like ordinary income. *Id.* at § 26(B). Pursuant to Guideline 26,

B. Benefits such as Social Security Disability or Insurance, received by a custodial parent on behalf of a child, as a result of contributions made by the parent paying child support shall be credited as follows:

1. If the amount of the child's benefit for a given month is equal to or greater than the paying parent's child support obligation, then that parent's obligation is satisfied.

2. Any benefit received by the child for a given month in excess of the child support obligation shall not be treated as an arrearage payment nor as a credit toward future child support payments.

Guideline 26(B)(1), (2).

¶ 13 In *Clay v. Clay*, 208 Ariz. 200, 92 P.3d 426 (App.2004), this court analyzed § 26 of the Guidelines to determine whether the mother was required to refund the father for

---

1. We review a trial court's interpretation of the Guidelines de novo. *Clay v. Clay*, 208 Ariz. 200, 202, ¶ 5, 92 P.3d 426, 428 (App.2004).

an overpayment of child support. There, the father, a disabled non-custodial parent, was ordered to pay arrearages in addition to his monthly support obligation. *Id.* at 201, ¶ 2, 92 P.3d at 427. The father's current child support obligation was paid with his SSDI benefits, and a check was issued to the mother to pay for the child support arrearages. *Id.* at ¶¶ 2–3. After accounting for the check, the trial court concluded that the father had overpaid his child support obligation and ordered the mother to reimburse the father for the overage. *Id.* at ¶ 3. This court held that although "the parent is entitled to a credit toward his/her child support obligations equal to the dependency benefits," the trial court improperly ordered the mother to reimburse the father because the SSDI dependency benefits belong to the child, which is a distinct and separate entitlement available to the child because of the father's disability. *Id.* at 202, ¶¶ 7–8, 92 P.3d at 428.

■ ¶ 14 Unlike in *Clay,* Father is not requesting that any overages be returned to him. Instead he argues that any excess amount of the SSDI payments be applied to his proportional share of the unreimbursed medical expenses that were incurred for the benefit of his child. *Clay* instructs us that Father is entitled to a credit toward his child support obligation in the amount equal to that of his child's dependency benefits. *Id.* at ¶ 7. *See also* Guideline 26(B)(1). This credit is not without limitations, however. The Guidelines prohibit the application of any excess SSDI benefits retroactively or prospectively; they may not be treated as an arrearage payment or as a credit toward future child support payments. Guideline 26(B)(2). To the extent that unreimbursed

medical expenses have not become arrearages at the time the SSDI benefit payment is received, we hold that such benefits may be used to satisfy a parent's proportional share of such expenses.

■ ¶ 15 Generally, an unreimbursed medical payment will become an arrearage if it is not paid within 45 days of a demand for payment. *See* Guideline 9(A). It is within the trial court's discretion to determine whether the obligation should be treated as an arrearage after considering all relevant factors, including the amount of the obligation, the willingness of the medical provider to accept payments over time, and the good faith of the party in making a timely demand for reimbursement.[2] But the trial court has no discretion to apply SSDI benefit payments to an arrearage. Once a trial court determines that the unreimbursed medical expenses properly constitute an arrearage, the excess SSDI benefit may not be used to satisfy the deficiency.[3] *See* Guideline 26(B)(2).

## III. FATHER IS ENTITLED TO ATTORNEY'S FEES ON APPEAL.

■ ¶ 16 Both parties request attorney's fees on appeal pursuant to ARCAP 21 and A.R.S. § 25–324. A.R.S. § 25–324(A) provides that a court may award attorney's fees after considering the financial resources of the parties and the reasonableness of the positions taken by the parties throughout the proceedings.[4]

■ ¶ 17 Below, the trial court found that there was "little or no disparity in the resources available to each party." We find Mother's position during the course of the

2. Pursuant to Guideline 9(A), a demand for payment should be made within 180 days after the services occur. This provision does not permit one parent to withhold demand unreasonably as expenses mount, thereby depriving the other of the opportunity to cover the expenses with excess monthly benefit payments.

3. We recognize that in *Clay,* this court instructed the trial court to determine when the father's disability began and to credit the father against any arrearages that accrued subsequent to his disability. 208 Ariz. at 203, ¶ 9, 92 P.3d at 429. The unique circumstances in *Clay* were such that a lump sum check was issued to pay the mother

for child support arrearages. *Id.* at 201, ¶¶ 2–3, 92 P.3d at 427. Here, however, the SSDI benefit payments are ongoing.

4. Mother argues that Father is not entitled to attorney's fees because his attorney represented him pro bono. That Father was represented pro bono does not preclude this court from awarding him attorney's fees on appeal. *See Arnold v. Ariz. Dep't of Health Servs.,* 160 Ariz. 593, 608, 775 P.2d 521, 536 (1989) ("Attorney's fees should not be limited by the fact that the plaintiffs are indigent and that their attorneys accepted the case on a *pro bono* basis.").

proceedings to be unreasonable. Mother was responsible for 30 percent of the unreimbursed medical expenses; Father was responsible for 70 percent. It was uncontradicted that Mother used the remaining monthly balance of the SSDI benefits ($415.96) to "pay the child's unreimbursed medical expenses." In other words, she used benefits attributable to Father's disability to pay her own share. While we recognize that the trial court ordered that Mother "can, and should, use the additional [SSDI] benefit[s] to pay for the cost of the child's health insurance," that order does not entitle Mother to avail herself of the benefits to pay unreimbursed expenses without first crediting Father.[5] Because we find Mother's position unreasonable, we award Father reasonable attorney's fees upon his compliance with ARCAP 21(c).

## CONCLUSION

¶ 18 We reverse the trial court's ruling that denied Father's request to apply the remaining balance of the SSDI benefits to his proportional share of C.'s unreimbursed medical expenses. We hold that such benefits may be applied to a parent's proportional share of his or her current unreimbursed medical expense obligation when that parent is the source of the benefit. We also award Father his attorney's fees on appeal. We remand to the trial court for further proceedings consistent with this opinion.

CONCURRING: MARGARET H. DOWNIE, Presiding Judge and DONN KESSLER, Judge.

---

**5.** SSDI benefits are intended to provide a worker's dependents with protection against economic hardship in the event that the wage earner dies or becomes disabled, *Sims v. Harris*, 607 F.2d 1253, 1255–56 (9th Cir.1979), not to generate a windfall for parents of such dependents.