NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Matter of:*

JAYNE MARIE BRANIGAN, *Petitioner/Appellant,*

*v.*

JOHN CHRISTOPHER FREDRICKSON, *Respondent/Appellee.*

No. 1 CA-CV 12-0797
FILED 06-12-2014

Appeal from the Superior Court in Maricopa County
No. FC2003-013024
The Honorable Jay M. Polk, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

The Huerta Law Office, PLLC, Tucson
By Saul M. Huerta
*Counsel for Petitioner/Appellant*

Ivy L. Kushner, Attorney at Law, Scottsdale
By Ivy L. Kushner
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1        Jayne Marie Branigan ("Mother") appeals from the family court's order denying her request for reimbursement from John Christopher Fredrickson ("Father") for expenses she incurred on behalf of the parties' three children and granting his request to modify the child support order.  Mother also challenges the court's denial of her motion for a new trial and award of attorneys' fees to Father.  For the following reasons, we affirm in part, vacate in part, and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father dissolved their marriage in 2004 by consent decree.  Their settlement agreement provided for joint legal custody of their three children with neither parent designated as the primary residential parent.  The parties also agreed Mother would pay one-third of the children's uninsured medical expenses and clothing, allowances, and extracurricular activity costs and Father would pay the two-thirds remainder.

¶3        In November 2009, Mother petitioned the family court for an order requiring Father to reimburse her for uninsured medical expenses and extracurricular activity costs she incurred on behalf of their children since 2007.  In 2010, the family court conducted an evidentiary hearing on Mother's petition ("2010 Hearing") and ruled that a July 2009 agreement between the parties waived Mother's pre-2009 reimbursement claims. Mother appealed, arguing the court should not have found she had waived her reimbursement claims. *Branigan v. Fredrickson*, 1 CA-CV 10-0552, 2011 WL 2462717, at *2, ¶ 9 (Ariz. App. June 21, 2011) (mem. decision) ("*Branigan I*").  We agreed with Mother and remanded for the family court to determine the amount of reimbursement she was entitled to receive for her pre-2009 claims. *Id*. at *5, ¶ 22.  Although Father argued on appeal that Mother's reimbursement requests were untimely under the Arizona Child Support Guidelines, we deemed his argument waived

because he had not raised that argument in the family court. *Id*. at *4, ¶ 15.

**¶4**　　　　On remand, Father petitioned the court to modify child support and other obligations of the parties related to payment of their children's insurance and medical expenses. Mother moved to dismiss Father's petition, arguing he had not complied with court orders to disclose complete tax returns and other documents related to his business. The family court denied the motion to dismiss without prejudice to Mother raising the issue of Father's compliance at the scheduled evidentiary hearing. The family court also denied Mother's motion in limine to preclude Father from arguing her reimbursement claims were untimely.

**¶5**　　　　At the evidentiary hearing on the petitions, the family court granted Father a directed verdict on Mother's petition because she had failed to prove she had complied with Arizona Child Support Guideline 9(A). Guideline 9(A) requires "request[s] for payment or reimbursement of uninsured medical, dental and/or vision costs" to be made within 180 days after the applicable medical services are rendered. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-320 app. § 9(A) (Supp. 2014).[1] The parent responsible for payment or reimbursement must pay or make payment arrangements to the entitled person within 45 days after receipt of the request. *Id.* The court also modified the child support order and awarded Father his attorneys' fees. Mother unsuccessfully moved for a new trial, and this appeal followed.

## DISCUSSION

I.　　Mother's Petition

　　　　A.　　Denial of Motion in Limine

**¶6**　　　　Mother first argues the family court should have granted her motion in limine because, in *Branigan I*, we found Father had waived his argument that her pre-2009 reimbursement claims were untimely and,

---

[1]Although the Arizona Legislature amended statutes cited in this decision after Mother filed her petition, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

therefore, consideration of the issue on remand contravened the law-of-the-case doctrine. Because the law-of-the-case doctrine is inapplicable here, the family court did not abuse its discretion in denying the motion in limine. *See Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 133, ¶ 33, 180 P.3d 986, 998 (App. 2008) (court's decision on motion in limine reviewed for abuse of discretion).

¶7            In *Branigan I*, we did not address the merits of Father's timeliness argument. Instead, we concluded Father had waived that argument because he had not raised it in the family court and the family court had not considered it; we specifically "express[ed] no opinion . . . as to whether this issue should be addressed upon remand." *Branigan I*, at *4, ¶ 15. Thus, our decision did not foreclose Father from raising the issue on remand. *See Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278, 860 P.2d 1328, 1331 (App. 1993) ("The doctrine referred to as 'law of the case' describes the judicial policy of refusing to reopen questions previously decided in the same case by the same court or a higher appellate court." (citations omitted)).

¶8            Next, characterizing Father's timeliness argument as a "preclusive defense,"[2] Mother argues Father waived the argument because he did not raise it in his answer to Mother's petition and his counsel stated during the 2010 Hearing that she was not aware of a time limit for requesting reimbursement. Although these arguments bore on Father's waiver of the timeliness issue in *Branigan I*, they do not result in waiver of the issue on remand. And, Mother provides no applicable authority to persuade us otherwise.[3]

---

[2]Father's argument that Mother failed to comply with the 180-day requirement in Guideline 9(A) is not a "preclusive defense." *See, e.g.*, *Maricopa-Stanfield Irrigation & Drainage Dist. v. Robertson*, 211 Ariz. 485, 491-92, ¶ 39, 123 P.3d 1122, 1128-29 (2005) ("The party asserting the bar [of issue preclusion] must show that (1) the issue was litigated to a conclusion in a prior action, (2) the issue of fact or law was necessary to the prior judgment, and (3) the party against whom preclusion is raised was a party or privy to a party to the first case.").

[3]Mother's reliance on *Sanchez v. City of Santa Ana*, 915 F.2d 424, 432 (9th Cir. 1990), is misplaced. That case addressed whether the defendant waived its right to assert res judicata as a "preclusion defense" by not specially pleading it in its answer to the complaint. *Id*. at 431-32.

¶9        Finally, Mother appears to argue Father waived his timeliness argument because, at the 2010 Hearing, he admitted Mother had requested reimbursement from 2004 to 2008.  Mother's cited portions of the record, however, do not support her assertion Father testified Mother made timely reimbursement claims; indeed, Mother cites to her own testimony and to Father's testimony that he was not regularly receiving "anything" from Mother.

¶10       For the foregoing reasons, the family court did not abuse its discretion in denying Mother's motion in limine.

    B.    Guideline 9(A)

¶11       Relying on A.R.S. §§ 25-503(I), (J) (Supp. 2014) and this court's opinion in *Keefer v. Keefer*, 225 Ariz. 437, 239 P.3d 756 (App. 2010), Mother argues Guideline 9(A) is inapplicable because the unreimbursed medical expenses and extracurricular activity costs qualified as child support and became arrearages when Father did not reimburse her within 45 days of her request.  Thus, she contends she is entitled to seek reimbursement until ten years after their youngest child is emancipated. Sections 25-503(I) and (J) read as follows:

> I. The right of a party entitled to receive support . . . vests as each installment falls due. Each vested child support installment is enforceable as a final judgment by operation of law. . . . [A] party entitled to receive support may also file a request for written judgment for support arrearages.

> J. If the obligee . . . make[s] efforts to collect a child support debt more than ten years after the emancipation of the youngest child subject to the order, the obligor may assert as a defense, and has the burden to prove, that the obligee . . . unreasonably delayed in attempting to collect the child support debt.  On a finding of unreasonable delay a [court] . . . may determine that some or all of the child support debt is no longer collectible after the date of the finding.

¶12       As a preliminary matter, in addition to providing for the reimbursement of uninsured medical expenses, the parties agreed Father

would be responsible for two-thirds of the children's clothing, allowances, and extracurricular activity costs. Guideline 9(A) applies only to requests for reimbursement of uninsured medical expenses; thus, Mother was not required to request reimbursement of these other costs within 180 days. The family court's order denied "Mother's request for reimbursement of medical expenses" but did not mention Mother's request for reimbursement of the extracurricular activity costs. Therefore, to the extent Mother is arguing on appeal she is entitled to reimbursement of those costs, the family court has not decided this issue and, on remand, is not precluded from considering a renewed request by Mother for reimbursement of those costs.

¶13        Mother's request for reimbursement of the uninsured medical expenses, however, is barred by Guideline 9(A) and neither A.R.S. § 25-503 nor our opinion in *Keefer* renders Guideline 9(A) inapplicable. Section 25-503 relates to actions to collect support arrearages and provides that a party's right to receive support "vests as each installment falls due." A.R.S. § 25-503(I). *Keefer* simply held that the statutory definition of support "unambiguously includes unreimbursed medical expenses" and that Guideline 9(A) "treat[s] those expenses as binding obligations of parents subject to child support orders." *Keefer*, 225 Ariz. at 440, ¶ 11, 239 P.3d at 759. Here, the uninsured medical expenses at issue never fell due because Mother failed to show she had requested reimbursement within 180 days of the applicable medical services.[4] Thus, Father's obligation to reimburse Mother was never triggered, and the family court properly interpreted and applied Guideline 9(A) in finding Mother's request for reimbursement of the uninsured medical expenses untimely.

---

[4]To the extent Mother argues the family court should not have discounted her testimony regarding her "ongoing" requests for reimbursement, her credibility and the weight to afford evidence are determinations properly made by the family court, not this court. *See In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999) ("In reviewing a trial court's findings of fact, we do not reweigh conflicting evidence or redetermine the preponderance of the evidence, but examine the record only to determine whether substantial evidence exists to support the trial court's action." (citing *Whittemore v. Amator*, 148 Ariz. 173, 175, 713 P.2d 1231, 1233 (1986))). Mother does not otherwise challenge the family court's finding that she failed to present credible evidence of timely reimbursement requests from 2007 to 2009.

II.     Father's Petition

        A.      Father's Financial Disclosure

¶14         Restated for clarity, Mother next argues the family court should not have granted Father's request to modify child support because he failed to provide her with complete copies of his tax returns before the evidentiary hearing and failed to introduce into evidence at the evidentiary hearing his complete tax returns.  As discussed below, although the record does not allow us to determine whether Father failed to provide Mother with complete copies of his tax returns before the evidentiary hearing, we are able to determine whether he introduced complete tax returns at the evidentiary hearing.  Because the record reveals the returns Father introduced into evidence at the hearing were incomplete on their face, the family court should not have modified child support and should have, on this issue, granted Mother's motion for new trial.

¶15         On January 12, 2012, the family court ordered Father to "produce no later than February 1, 2012 *documents that are required to be produced with a current Affidavit of Financial Information*, including tax returns for the past 3 years.  Based upon agreement by [Father], he shall also produce 2010 business tax returns."  (Emphasis added.)  By referring to the Affidavit of Financial Information, the court thus ordered Father to produce complete copies of his federal income tax returns for the preceding three years with all schedules and attachments and all W-2 and 1099 forms from all sources of income for the preceding three years.  Subsequently, through various filings, including an unsuccessful motion to dismiss Father's petition, Mother notified the family court that she believed Father had failed to comply with its order.  Mother did not, however, attach to her filings copies of the returns Father had given her.  Thus, we cannot determine whether Father complied with the court's order.  As discussed, *supra* ¶ 4, the court informed the parties Mother could raise, and it would consider, whether Father complied with its order at the evidentiary hearing.

¶16         At the evidentiary hearing, Mother objected to the admission of Father's tax returns, again asserting they were incomplete.  Father, however, testified that the 2008, 2009, and 2010 tax returns were "[a]bsolutely 100 percent complete and accurate."  Based on this testimony, the court overruled Mother's objection.

¶17        Our review of the record, however, reveals the returns Father introduced into evidence at the evidentiary hearing were incomplete on their face.  Father did not attach the W-2s to his 2008 and 2010 returns.  He also did not attach schedule K-1 to his 2009 return.  Additionally, although Father listed his 2010 business return as an exhibit for the evidentiary hearing, neither he nor Mother admitted it into evidence, and thus the family court did not consider it in modifying child support.  Because the court should not have modified child support without first considering Father's complete income and business tax returns, we agree with Mother the court should have granted her motion for a new trial on the issue of child support modification.  Accordingly, we vacate the family court's child support modification order and remand for a new trial on Father's petition to modify child support.

III.     The Evidentiary Hearing

¶18        Mother next argues she was denied a fair trial because the family court abused its discretion in arbitrarily imposing time limits on the parties' presentation of evidence at the evidentiary hearing.[5]   We disagree; the record reflects no abuse of discretion.

¶19        After this court remanded *Branigan I*, at an October 5, 2011 status conference, the family court scheduled an evidentiary hearing for January 19, 2012 on "all of the remaining issues in this case" and allocated two hours for the hearing, which the parties agreed would be "sufficient."  The court did not, however, identify the "remaining issues."  Based on additional information provided by a settlement judge, the court later clarified that, in addition to Mother's request for reimbursement, there appeared to be a dispute over the "[e]nforcement of attorneys' fees/costs and medical expenses" and the "[m]odification of child support and health insurance coverage."  It instructed the parties to file an appropriate petition if they intended to raise these other issues at the evidentiary hearing.

¶20        Anticipating Father would file a petition to modify child support and health insurance coverage, Mother objected to consolidating

---

[5]To the extent Mother contends she was entitled to more time at the hearing because she was not represented by counsel, parties appearing *in propria persona* are held to the same standards as attorneys. *Kelly v. NationsBanc Mortgage Corp.*, 199 Ariz. 284, 287, ¶ 16, 17 P.3d 790, 793 (App. 2000).

the petitions for one hearing and argued the two hours previously allocated to consider only her petition would be "inadequate." The court denied Mother's objection, and Father filed his petition to, *inter alia*, modify the parties' child support order. Mother again objected to consolidating the petitions at the evidentiary hearing and to the two-hour time allocation. On January 12, 2012, the court continued the proceedings previously set for January 19 to March 15, 2012, and informed the parties that

> each party will be allowed 1/2 of the available time to present all direct, cross, redirect examination and any argument. The parties are expected to complete the trial in the allotted time, and the time will not be extended absent a motion granted by the Court and filed at least 30 days prior to the hearing setting forth good cause to extend the time and specifically including a list of each and every witness who will testify and an estimate of time and subject matter of the expected testimony for each witness.

After the court issued this ruling, Mother unsuccessfully renewed her objections.

¶21 Under the Arizona Rules of Family Law Procedure, the family court has considerable discretion in imposing reasonable time limits on proceedings. Ariz. R. Fam. Law P. 22, 77(B)(1). Although the record reflects Mother objected to the two-hour time allocation and informed the court that four hours would be necessary, her objections did not indicate why two hours was inadequate. Instead, Mother asserted generally that more time was needed. Moreover, after the court confirmed that the scope of the evidentiary hearing would include not only the reimbursement issue but also, *inter alia*, Father's petition, Mother did not move to extend the time allocated for the hearing.

¶22 Additionally, the evidentiary hearing transcript reflects the family court conducted the hearing in a fair manner. The court informed the parties to "feel free at any time to ask me how much time you have left," and the court reminded Mother at least three times of her remaining time. Mother did not request additional time, even after being informed her time had expired. Furthermore, the record reflects the court actually gave Mother additional time to cross-examine Father. Finally, at the

conclusion of her case-in-chief, Mother unequivocally stated she was "done" without requesting additional time. Based on this record and the discretion afforded the family court by Rules 22 and 77, we cannot conclude the court abused its discretion in limiting the hearing to two hours.

IV.     Award of Attorneys' Fees to Father

¶23      The family court awarded Father his attorneys' fees pursuant to A.R.S. § 25-324 (Supp. 2014). That statute affords the court discretion to award fees after considering the parties' financial resources and the reasonableness of their respective positions throughout the proceedings. Because the family court did not resolve Mother's request for reimbursement of extracurricular activity costs, *supra* ¶ 12, and we are remanding for a new trial on Father's petition to modify child support, *supra* ¶ 17, we vacate the award of attorneys' fees in favor of Father.

**CONCLUSION**

¶24      We affirm the family court's denial of Mother's motion in limine and its finding Guideline 9(A) barred Mother's request for reimbursement of the uninsured medical expenses. We vacate, however, its order modifying child support and remand for a new trial on Father's petition to modify child support. We also vacate the award of attorneys' fees to Father. On remand, the court may consider a renewed request by Mother for reimbursement of extracurricular activity costs.

**¶25** Father requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure 21. In the exercise of our discretion, we deny his request for fees. Mother also requests an award of attorneys' fees on appeal. We deny her request because she fails to cite any authority supporting it. *See* Ariz. R. Civ. App. P. 21(a)(2); *Ezell v. Quon*, 224 Ariz. 532, 539, ¶ 31, 233 P.3d 645, 652 (App. 2010). We grant Mother her taxable costs on appeal, however, contingent upon her compliance with Rule 21. *See Henry v. Cook*, 189 Ariz. 42, 44, 938 P.2d 91, 93 (App. 1996) (appellant who obtained partial success entitled to recover all taxable costs).



Ruth A. Willingham · Clerk of the Court
FILED: gsh