NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SUSAN WELLMAN, *Petitioner/Appellant,*

*v.*

GREG WAITS, *Respondent/Appellee.*

No. 1 CA-CV 17-0251 FC
FILED 3-1-2018

Appeal from the Superior Court in Maricopa County
No. FC 2015-093432
The Honorable James D. Smith, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Gillespie Shields Durrant & Goldfarb, Mesa
By Mark A. Shields
*Counsel for Petitioner/Appellant*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Erica L. Gadberry
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Chief Judge Samuel A. Thumma joined.

**B R O W N**, Judge:

¶1        Susan Wellman ("Mother") appeals the superior court's order awarding her less child support than she requested and denying her request for attorneys' fees. For the following reasons, we affirm the court's child support order but vacate the attorneys' fees ruling and remand for reconsideration of the reasonableness of Mother's positions in this litigation.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Mother and Greg Waits ("Father") met and began dating in 1993. Around the time Mother became pregnant with D.W., Father and Mother's relationship ended. Mother gave birth to D.W. in June 1997, yet neither Mother nor D.W. had contact with Father until 2013, when D.W., then age 16, began communicating with Father through social media.

¶3        In May 2015, shortly before D.W.'s 18th birthday, Mother filed a pro per petition to establish paternity, legal decision-making, parenting time, and support. She requested that Father pay $432,000 in child support. Because Father allegedly was avoiding service, he was not served until August 8, 2015; his counsel then filed a notice of appearance. Father contested the petition, citing Arizona Revised Statutes ("A.R.S.") section 25-809 and explaining he "was unaware that [Mother] and himself may have had a child in common until recently," and if he was determined to be the father, that he pay child support "in an amount consistent with the Arizona Child Support Guidelines until the child graduates from High School or turns nineteen." Mother then obtained counsel.

¶4        After settlement negotiations were unsuccessful, the case proceeded to trial and the parties agreed the only issue for consideration was child support because D.W. was no longer a minor. The court declared Father's paternity established and ordered him to pay $23,652 in past child support. This amount was based on A.R.S. § 25-809, which the court interpreted as allowing it to "limit the award of past support to the time

from when Mother commenced the action until [D.W.] graduated from high school," or June 1, 2015 to May 31, 2016. The court denied each party's request for attorneys' fees and costs, finding A.R.S. § 25-324(B) did not apply, A.R.S. § 25-415 did not warrant the award of fees or costs, and the "two factors in A.R.S. § 25-324 offset one another." This timely appeal followed.

## DISCUSSION

### A. Waiver

**¶5** Although she did not raise the issue in the superior court, Mother argues A.R.S. § 25-809(A) required the court to award her child support for the three years preceding the filing of her petition and therefore applied the wrong legal standard when it considered factors under A.R.S. § 25-809(B).[1] As a general rule, we do not consider arguments not raised in the superior court; the rule was "established for the purpose of orderly administration and the attainment of justice." *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007) (quoting *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987)). Considering "belatedly urged issues undermines 'sound appellate practice,' and violates the interests of the party against whom the claim is newly asserted on appeal." *Id.* (citation omitted) (quoting *Hawkins*, 152 Ariz. at 503). We have discretion to consider new arguments on appeal, but we "rarely" do so. *Id.*

**¶6** In *Harris*, the appellee argued that most of the appellant's arguments were waived on appeal because the appellant was challenging rulings "on grounds different than those it asserted" in the superior court. *Id.* at ¶ 16. Although "conced[ing] to the trial court that the grievance procedure was mandatory," the appellant argued on appeal that "it had no duty to exhaust administrative remedies because the grievance procedure

---

[1] A.R.S. § 25-809(A) provides that the superior court, when parentage is admitted or affirmatively decided "in an action instituted during the child's minority . . . shall direct, subject to applicable equitable defenses and using a retroactive application of the current child support guidelines, the amount, if any, the parties shall pay for the past support of the child and the manner in which payment" is made. The court is prohibited from ordering past support beyond "three years before the commencement of the proceeding unless the court makes a written finding of good cause after considering all relevant circumstances, including" those listed in the statute. A.R.S. § 25-809(B)(1)-(3).

set forth in statute, regulation and its contract, was permissive rather than mandatory." *Id.* at 349-50, ¶¶ 16, 18. We concluded that the argument was waived because the appellant never gave the superior court the opportunity to address its argument concerning a "permissive" grievance process. *Id.* at 350, ¶ 18.

¶7 Here, like the appellant in *Harris*, Mother takes a different position on appeal than she did in the superior court. She argues that A.R.S. § 25-809 is the governing law for her request for past child support despite asserting in the joint pretrial statement that "A.R.S. § 25-320(C) is the controlling case law in this matter."[2] She also asserts the court had no discretion but to award three years of past child support under § 25-809 despite her counsel stating during closing arguments that "[t]he statute in this matter allows the Court *in its discretion* to go back three years from the [date of] service." (Emphasis added.) And although Father stated in the joint pretrial statement that § 25-809 was "more applicable" than § 25-320 because this was a "paternity case not a dissolution case," he did not suggest the superior court was required to award three years of past support, but explained that both § 25-320 and § 25-809 "have virtually identical rules for establishment of child support and the applicability, if any, of past or retroactive child support."

¶8 Simply stated, Mother did not advocate for the application of A.R.S. § 25-809 in the superior court. She failed to argue that (1) the court lacked discretion to refrain from awarding three years of past child support and (2) the court could not consider all relevant circumstances when deciding whether to award past support. Instead, as shown in the joint pretrial statement, Mother pursued her case under A.R.S. § 25-320(C), which allows the court to decline awarding three years of past child support, retroactive from the date of filing, after considering the "relevant circumstances." And as recognized in a different context, Mother's statements in the joint pretrial statement governed how the case would

---

[2] A.R.S. § 25-320(C) allows the court to "order child support retroactively to the date of separation" when "the parties lived apart before" a petition for child support is filed and when support has not previously been ordered, but prohibits the court from awarding support beyond "three years before the date of the filing." In making its determination, the "court must first consider all relevant circumstances, including" those listed in the statute. A.R.S. § 25-320(C). If child support is appropriate, "the court shall direct, using a retroactive application of the child support guidelines, the amount that the parents must pay for the past support of the child and the manner in which payments must be paid." *Id.*

proceed going forward. *See Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) ("The pretrial statement controls the subsequent course of the litigation." (quoting *Carlton v. Emhardt*, 138 Ariz. 353, 355 (App. 1983))). She does not direct us to any place in the record where she relied on different authority. *See* ARCAP 13(a)(7)(B) (requiring appellant's opening brief to contain "references to the record on appeal where the particular issue was raised and ruled on"). Thus, neither Father nor the superior court were given the opportunity to address the position she now takes on appeal or to correct the alleged defects in the court's child support ruling. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal."). Accordingly, Mother waived her arguments regarding A.R.S. § 25-809.[3]

### B.     Attorneys' Fees

**¶9**          We review an award of attorneys' fees for an abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). "To award attorneys' fees under § 25-324, a court must consider the financial positions of the parties, *and* the reasonableness of the positions each party has taken throughout the proceedings." *Id.* at 353, ¶ 27 (internal citation and quotations omitted). "[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award." *Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004).

**¶10**          Mother argues the court abused its discretion in refusing to award her attorneys' fees because her "motivation for not filing the action earlier is completely irrelevant" under A.R.S. § 25-324. Father counters that "[w]hile Mother may or may not have been within her right to file when she did, her motivation, and her refusal to accept her own settlement offer was certainly unreasonable."

**¶11**          Addressing the financial positions aspect of A.R.S. § 25-324, the superior court found that "Father earns nearly five times what Mother earns" and "has substantially more resources to contribute toward

---

[3]     Because we find the child support issues waived, we need not address whether Father established equitable defenses or whether A.R.S. § 25-809(A)-(B) and A.R.S. § 25-320(C) violate the Equal Protection Clause by allegedly treating married and unmarried parents differently.

Mother's expenses." The court then considered the reasonableness factor, finding as follows:

> Mother likely acted unreasonably in this litigation. Mother never suggested that Father evaded service or impeded her ability to file a paternity action years ago. Instead, it appears that Mother strategically waited until one week before the child turned 18 years old to do so. Father's conduct merits no praise; he knew or should have known that [D.W.] was his child but he did not contribute to her support. The Court cannot, however, find authority suggesting that it was Father's obligation to commence a support action. In fact, A.R.S. §§ 25-320(C) and 25-809(B) suggest the obligation is on the parent seeking support to show that the other parent impeded the process.

> The Court also questions Mother's reasonableness regarding settlement. In July 2016, Mother demanded $65,000.00 to settle the matter. [Ex. 32.] Father did not initially accept that offer but in December 2016 agreed to pay Mother that sum by February 2017 [Ex.19]. Mother declined.

¶12 Ultimately, finding the "two factors in A.R.S. § 25-324 offset one another," the court denied both parties' requests for attorneys' fees, adding that "Father's substantial financial resources favor an award for Mother, but Mother's conduct has been more unreasonable in comparison to Father's."

¶13 Neither party disputes that Father earns five times more income than Mother, Father has more resources to contribute toward Mother's expenses, and Mother's settlement position—the withdrawal of her settlement offer after Father's acceptance—was unreasonable. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 34 (App. 1998) ("[W]e hold that the trial court may consider a party's settlement position in determining reasonableness under A.R.S. section 25-324."). Focusing on the superior court's other reasonableness considerations, the court erred when it considered conduct that occurred before this case was filed or was otherwise unrelated to the positions Mother took throughout the proceedings. In addressing the reasonableness factor, the statute limits the inquiry to the "reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). Accordingly, the order regarding attorneys' fees cannot stand. On remand, the court should evaluate whether Mother's legal positions in these proceedings are

objectively reasonable. *See Keefer v. Keefer*, 225 Ariz. 437, 441–42, ¶¶ 16-17 (App. 2010) (considering a party's conduct prior to the proceedings but only insofar as it informed the court as to the reasonableness of the party's legal position); *In re Marriage of Williams*, 219 Ariz. 546, 548-49, ¶¶ 10, 12 (App. 2008) (explaining that A.R.S. § 25–324(A) "requires that the propriety of a litigant's legal position be evaluated by an objective standard of reasonableness" and "contains no language suggesting that the reasonableness of a litigant's position should be assessed with reference to a litigant's intentions in taking that position").[4]

## CONCLUSION

**¶14** We affirm the superior court's judgment awarding Mother child support, but vacate the court's order declining to award either party attorneys' fees under A.R.S. § 25-324(A) and remand for reconsideration. After consideration of the § 25-324 factors, we deny both parties' requests for attorneys' fees incurred on appeal, but award Father his taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] Mother also cites *Roden v. Roden*, 190 Ariz. 407, 412 (App. 1997), for the proposition that "[i]t is an abuse of discretion to deny attorneys' fees to the spouse who has substantially fewer resources, unless those resources are clearly ample to pay the fees." As we have explained, however, this is an inaccurate statement of current law and litigants should be cautious about using this reasoning. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 7 (App. 2014). A disparity in income "alone does not mandate an award of fees," but the reasonableness of each party's positions must also be considered. *Id.* at ¶ 9.