NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KARI ELANA STAKER, *Petitioner/Appellee*,

*v.*

JONATHAN LEE STAKER, *Respondent/Appellant*.

No. 1 CA-CV 21-0766 FC
FILED 3-30-2023

Appeal from the Superior Court in Maricopa County
No.  FC2015-001756
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Al Arpad Esq., Phoenix
By Alexander R. Arpad
*Counsel for Respondent/Appellant*

Udall Shumway PLC, Mesa
By Steven H. Everts, David R. Schwartz
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge David D. Weinzweig joined.

---

**C A M P B E L L**, Judge:

¶1　　　　Jonathan Lee Staker (Husband) challenges the superior court's ruling directing him to sell a marital community interest in Pediatric Dental, LLC (Pediatric Dental) and split equally all past and future Pediatric Dental dividends with Kari Elena Staker (Wife). Discerning no error, we affirm.

## BACKGROUND

¶2　　　　In their marital community, Husband and Wife held a 25 percent ownership interest in Pediatric Dental. After commencing marriage-dissolution proceedings, the parties agreed to sell that interest and divide the proceeds equally. Despite their understanding, the parties could not agree on a sales approach. Wife asserted that Husband thwarted any potential sale by refusing to participate in an appraisal process. Husband, for his part, argued that the parties should accept an outstanding offer to buy the community interest—negating any need for a business valuation. Pointing to the impending maturity of a ten-year balloon loan on Pediatric Dental-owned property, Husband also contended that absent a quick sale of their ownership interest, both parties would need to pay one-half of the marital-community share of the balloon payment.

¶3　　　　The parties tried the matter to the superior court. Shortly thereafter, they filed supplemental briefs addressing, as relevant here, the Pediatric Dental interest. Wife claimed that Husband paid off their portion of the Pediatric Dental loan "without any consultation"; instead, sending her a copy of a check purportedly paying their share of the loan payoff with a demand for reimbursement of her one-half share. Husband, in turn, acknowledged that he had not presented documentary evidence of the loan payoff at trial, but countered that he had both disclosed the impending loan maturity and testified to the payoff at trial. Given that notice, Husband asked the court to hold Wife responsible for one-half of the marital payoff amount.

¶4        After full briefing, the superior court entered a dissolution decree (Decree) directing Husband to sell the Pediatric Dental interest "to his partners according to the terms of the Buy-Sell Agreement between the partners," stating that "the net proceeds shall be divided equally." As part of a stipulated motion, the parties subsequently asked the court to rule on the outstanding issues raised in their supplemental briefs. In a supplemental ruling (the Supplemental Ruling), the court found that Husband was "not entitled to reimbursement for the Pediatric Dental Loan payoff because no evidence was presented at trial concerning same." Upon the court certifying its ruling as final and appealable—"together with the Decree"—under then-Arizona Rule of Family Law Procedure (Rule) 81, Husband moved for reconsideration, which the court denied. Husband did not appeal.

¶5        Nearly three years later, Wife petitioned to enforce the division of the Pediatric Dental interest. She explained that Husband had received regular Pediatric Dental dividends since making the loan payoff but had refused to divide them; instead, claiming to deduct them from the loan payoff amount he maintained Wife owed him. Husband moved to dismiss the petition, asserting the Decree only awarded Wife one-half of the "net proceeds" of a Pediatric Dental sale, not dividends. Wife then amended her petition to allege, among other things, that Husband had intentionally delayed the sale of Pediatric Dental and requested new orders regarding the division of the Pediatric Dental interest.

¶6        The superior court denied Husband's motion to dismiss and set an evidentiary hearing on Wife's amended petition. After the hearing, the court ordered Husband to reimburse Wife one-half of all previously received Pediatric Dental dividends and pay Wife one-half of all future dividends. The court also directed Husband to sell the Pediatric Dental interest within six months. Finding that Husband had "unreasonably retained the business dividends, ha[d] not pursued the sale of the business interest within a reasonable timeframe, and ha[d] greater financial resources than Wife," the court also awarded Wife her reasonable attorneys' fees.

¶7        The superior court entered a final order under Rule 78(b). Husband moved to alter or amend the order under Rule 83, contending the 2017 decree was "completely silent as to the reimbursement for the Pediatric Dental Loan payoff." He also argued the court failed to determine who would have to pay taxes on past and future Pediatric Dental dividends. He then challenged the fee award, asserting he did not have greater financial resources than Wife.

**¶8** The superior court denied Husband's motion, and he appealed. We dismissed the appeal under *Yee v. Yee*, 251 Ariz. 71 (App. 2021), which addressed whether parties may challenge post-decree orders in a Rule 83 motion to alter or amend. Husband petitioned for review before the Arizona Supreme Court. The Arizona Supreme Court, citing recent amendments to Rules 78, 83, and 91, remanded to this court, and we reinstated Husband's appeal.

## DISCUSSION

### I. The Superior Court Correctly Interpreted the Decree and Supplemental Ruling

**¶9** Husband first argues the court erroneously interpreted the Decree as requiring him to pay off the Pediatric Dental loan with no reimbursement from Wife. Generally, we review the denial of a Rule 83 motion to alter or amend for an abuse of discretion. *Stock v. Stock*, 250 Ariz. 352, 354, ¶ 5 (App. 2020). But we review the superior court's interpretation of the Decree de novo. *Quijada v. Quijada*, 246 Ariz. 217, 219, ¶ 5 (App. 2019).

**¶10** In the Decree, the court obligated Husband to sell the marital community's interest to his partners and split the net proceeds equally with Wife. Husband correctly notes that the Decree is silent about the Pediatric Dental loan, presumably because the parties raised the loan issue in their post-trial supplemental briefs. But after considering the supplemental briefs, the court ruled that Husband was "not entitled to reimbursement . . . because no evidence was presented at trial concerning same." Husband reasons this ruling only denied him "immediate reimbursement," but neither the Decree nor the Supplemental Ruling suggests the court reserved the issue for a later time.

**¶11** Citing the Decree's reference to "net proceeds," Husband also argues the Supplemental Ruling should be interpreted as stating the payoff "would be accounted for when the parties received the proceeds from the [Pediatric Dental] Interest." But this construction conflicts with the court's express finding that Husband presented no evidence regarding the loan or the impending loan payoff. And while Husband asserts that he testified at the trial about the impending loan payoff, he did not provide a transcript of the trial proceeding. We therefore assume the transcript would support the court's finding that he presented no evidence on this issue. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). On this record, it is not reasonable to construe either the Decree or the Supplemental Ruling as deferring allocation of a loan payoff that was never addressed at trial.

**¶12** Husband also contends the loan payoff "increased the value of the [Pediatric Dental] interest" and "led directly to the monthly distributions" because "rental income was no longer being directed to service debt." Although Husband included a transcript of the evidentiary hearing on Wife's amended petition to enforce, his testimony from that hearing belies this contention. In fact, Husband testified only that he did not start receiving dividends until after entry of the Decree and that he "hoped" he would start receiving dividends after the loan payoff was completed. Accordingly, we discern no error in the court's interpretations of the Decree and the Supplemental Ruling.

## II. Judicial Estoppel Does Not Apply

**¶13** Husband also argues that Wife is judicially estopped from asserting the Supplemental Ruling "was actually a binding determination that [he] should bear the entire cost of the [loan payoff]," pointing to Wife's trial position that liabilities associated with the Pediatric Dental interest should not be resolved until the interest is sold. In his motion to alter or amend, Husband cited Wife's position at trial but did not argue judicial estoppel. He has therefore waived the argument on appeal. *See, e.g., Romero v. Sw. Ambulance*, 211 Ariz. 200, 204, ¶ 7 (App. 2005) (stating this court generally does not consider issues raised for the first time on appeal).

**¶14** In any event, judicial estoppel applies only if the party asserting the inconsistent position succeeded in the prior proceeding. *State v. Towery*, 186 Ariz. 168, 182 (1996). The court did not adopt Wife's trial position in either the Decree or the Supplemental Order. As discussed above, it instead ruled that Husband presented no evidence to show he was entitled to an offset for monies expended in debt service. Judicial estoppel therefore does not apply.

## III. The Superior Court Was Not Obligated to Speculate About Tax Implications

**¶15** Husband also argues the superior court erred by not determining who would be responsible for paying income taxes on Pediatric Dental dividends, citing *Brucklier v. Brucklier*, 253 Ariz. 579 (App. 2022). In *Brucklier*, we held the superior court erred by "finding, without supporting evidence, that [husband's] actions likely increased the community tax burden and by determining, . . . without supporting evidence about [wife's] tax liability for the year, that assigning liability to each spouse was equitable." *Id.* at 532, ¶ 28. In short, the superior court in *Brucklier* erred because it speculated about tax implications without

competent evidence establishing what those implications may have been. *See id*. at ¶ 29.

**¶16**      Here, Husband presented no evidence to show what tax liabilities he had incurred or would incur in the future. Instead, he posited that he should receive all dividends unless Wife was "willing to pay half of the [loan payoff]." He also did not explain why each party could not simply be responsible to pay taxes on whatever dividend income he or she receives. And unlike *Brucklier*, the superior court here did not speculate on tax implications. We therefore discern no error.

## IV.    Attorneys' Fees and Taxable Costs

**¶17**      Finally, Husband argues we should reverse the attorneys' fee award to Wife if we reverse on the issues discussed above. Because we reject Husband's arguments, we will not disturb the attorneys' fee award.

**¶18**      Both parties request their attorneys' fees incurred in this appeal under A.R.S. § 25-324(A). Before awarding fees, we must consider the parties' financial resources and the reasonableness of their positions throughout the proceedings. *Keefer v. Keefer*, 225 Ariz. 437, 441, ¶ 16 (App. 2010). Having considered these matters, we decline to award fees to either party. Wife is the successful party in this appeal and may recover her taxable costs upon compliance with ARCAP 21.

### CONCLUSION

**¶19**      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA