NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SHERRI LYNN SMITH, *Petitioner/Appellee*,

*v.*

STEVEN JOHN SMITH, *Respondent/Appellant*.

No. 1 CA-CV 22-0585 FC
FILED 11-7-2023

Appeal from the Superior Court in Yavapai County
No.  P1300DO202100089
The Honorable Cele Hancock, Judge

**AFFIRMED**

COUNSEL

Mull & Brown PLLC, Prescott
By John G. Mull
*Counsel for Petitioner/Appellee*

Hoffman Legal, LLC, Phoenix
By Amy W. Hoffman
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge David B. Gass joined.

---

**J A C O B S**, Judge:

¶1     Appellee Sherri Lynn Smith ("Mother") exclusively occupied the parties' marital residence for more than two years before entry of the final dissolution decree in this case. Appellant Steven John Smith ("Father") challenges the portion of the dissolution decree denying him rent for that time period. For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2     Mother petitioned to dissolve the parties' marriage in February 2021. The parties have one minor child. When Mother filed the petition, she lived with the child at the marital residence, and Father lived in Wisconsin. Father has not lived at the marital residence since a 2019 domestic violence incident after which Mother obtained an order of protection. He later pleaded no contest to disorderly conduct.

¶3     In the dissolution proceedings, Mother wanted to buy out Father's interest in the marital residence so she could continue to live there with the child. Father preferred that the marital residence be sold with the proceeds split equally. Father also asked the court to award him 25 months of pre-decree rent because Mother had "lived in the marital home . . . 'rent-free'" since the 2019 incident. He initially claimed he was entitled to $1,150 per month based on a Zillow estimate of $2,300 per month but later testified at trial that the fair market rental value was $2,600 per month.

¶4     The superior court entered a decree directing the parties to sell the marital residence and divide the proceeds equally. The court denied Father's rent claim, finding that he was not entitled to rent "in an equitable division of the property" and that he did not present sufficient evidence to establish the marital residence's fair market rental value. Father appeals that ruling. We have jurisdiction under A.R.S. § 12-2101(A)(1).

2

## DISCUSSION

¶5  Father contends "[i]t was inequitable for the . . . court to allow Mother the exclusive use of community property without reimbursing the community." Upon dissolution of a marriage, the court must divide community property "equitably, though not necessarily in kind." A.R.S. § 25-318(A). Section 25-318(A) does not require an equal and like division, and the court has broad discretion to determine what is equitable under the circumstances of each case. *In re Marriage of Flower*, 223 Ariz. 531, 538 ¶ 28 (App. 2010). We review the division of community property for abuse of discretion. *Ertl v. Ertl*, 252 Ariz. 308, 314 ¶ 20 (App. 2021). We view the evidence in the light most favorable to affirming the decree and will affirm if the evidence reasonably supports it. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283 ¶ 14 (App. 2019).

## I. The Superior Court Did Not Abuse Its Discretion by Denying Father's Rent Claim.

¶6  Father bases his claim for rent in substantial part on *Ferrill v. Ferrill*. 253 Ariz. 393 (App. 2022). There, husband left the marital residence a few months before wife petitioned to dissolve the marriage. *Id.* at 395 ¶ 3. After serving the petition, wife continued to make mortgage payments using her separate funds. *Id.* She requested reimbursement for those payments, but husband contended "it was within the superior court's discretion to offset any reimbursement . . . by the value of the benefit [w]ife received by having exclusive possession of the marital home." *Id.* at 396 ¶ 9. We concluded the superior court could order an offset for wife's post-service possession if husband was ousted from the marital residence and remanded for findings as to whether ouster had occurred. *Id.* at 396, 398 ¶¶ 9, 11, 19. We also held that reimbursement, if warranted, could be "valued at up to one-half the reasonable rental value of the marital home." *Id.* at 398 ¶ 21.

¶7  Father contends he was ousted in December 2019. Mother responds that she did not "wrongfully oust" him and that his "intentional criminal behavior was the reason he was required to vacate" the marital residence. She cites no authority suggesting that an ouster must be wrongful or that a spouse who has been accused of crimes cannot be ousted. Indeed, we said in *Ferrill* that "[t]he court may base its finding of exclusion on any evidence that one party possessed the property with the intent to occupy the premises in a way that excludes or denies the rights of the other." *Id.* at 398 ¶ 18.

¶8        As in *Ferrill*, the superior court here did not determine whether Father was ousted.  For purposes of this appeal, we assume he was.  That assumption, however, does not divest the superior court of its "'discretion to decide what is equitable in each case'" in dividing community property. *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 13 (App. 2021) (quoting *Toth v. Toth*, 190 Ariz. 218, 221 (1997)).  Section 25-318(C) allows the court to consider "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition," and the court also may consider "any other factors that bear on the equities of a case." *In re Marriage of Inboden*, 223 Ariz. 542, 546 ¶ 14 (App. 2010).

¶9        Father also cites *McIlwain v. McIlwain*, which the superior court relied on in the decree, to support his rent claim.  666 S.E.2d 538 (Va. Ct. App. 2008).  There, husband excluded wife from the marital residence, which the parties owned outright, and lived there for six years "at virtually no cost" after they separated. *Id.* at 540.  But the Virginia court found several other considerations supported awarding rent to wife, as husband had:

- "unnecessarily increased the family's debt by refusing to pay the taxes in a timely manner,"

- "made very few nonmonetary contributions to the marriage,"

- "loaned huge sums of money to his companies without wife's knowledge," and

- "made de minim[i]s payments toward this marital debt, even though he lived in the marital home and did not have to pay rent or a mortgage."

*Id.* at 542.  The court concluded that while Virginia law did not require a rent award, it was not an abuse of discretion to grant wife's request because "the fact that [she] had to address this problem, a problem of husband's creation, for years after their separation . . . created additional equity concerns." *Id.* at 544.

¶10        Even assuming Virginia law might help our analysis, *McIlwain* does not aid Father because its facts are not analogous to those in this case, and Father cites no evidence to suggest Mother caused any such problems for the marital community, financial or otherwise.  He also fails to support his contention that Mother "received favorable and [i]nequitable treatment at [his] expense."  Indeed, his main evidence that he was treated

4

unfairly—that he "was required to make monthly . . . 'temporary family support' payments" greater than his child support obligation later established in the decree—was part of a set of temporary orders he agreed to in March 2021. Father also conceded he made no financial contributions to support Mother or the child before the court entered those temporary orders. He thus does not show that the denial of his rent claim was inequitable under the circumstances. *See In re Marriage of Flower*, 223 Ariz. at 535 ¶ 14 ("In determining an equitable division, the family court has broad discretion in the specific allocation of individual assets and liabilities."); *Neely v. Neely*, 115 Ariz. 47, 49 (App. 1977) ("The discretionary power [to divide community property] is very broad and will not be disturbed unless it clearly appears that it has been abused.").

¶11   We also reject Father's contention that he was entitled to rent simply because the superior court "otherwise equally divided the community's property." The court is not "'bound by any per se rule of equality.'" *Meister*, 252 Ariz. at 396 ¶ 13 (quoting *Toth*, 190 Ariz. at 221). As such, while a division of property typically should be substantially equal, it need not be exactly equal. *Kelly v. Kelly*, 198 Ariz. 307, 309 ¶ 7 (2000); *Wick v. Wick*, 107 Ariz. 382, 385 (1971). The court therefore did not abuse its discretion by denying Father's rent claim. *See Cockrill v. Cockrill*, 139 Ariz. 72, 75 (App. 1983) ("[N]o abuse of discretion will be found as long as the court acts equitably.").

## II. Attorneys' Fees and Taxable Costs on Appeal

¶12   Both parties request their attorney fees incurred in this appeal under A.R.S. § 25-324(A). Before awarding fees, we must consider the parties' financial resources and the reasonableness of their positions throughout the proceedings. *Keefer v. Keefer*, 225 Ariz. 437, 441 ¶ 16 (App. 2010). Having considered these matters, we decline to award fees. Mother may recover her taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶13   We affirm the denial of Father's pre-decree rent claim.

